UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BERNARD W. GOONEWARDENA,

        Plaintiff,

  -v-

NEW YORK STATE WORKERS'
COMPENSATION BOARD et al.,

        Defendants.

-------------------------------------------------------x

No. 09 Civ. 8244 (LTS)(HBP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 29 SEP 2011

## Memorandum Order

        In this action, Plaintiff Bernard W. Goonewardena ("Plaintiff"), proceeding pro se, asserts claims under 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12010 et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code. § 8-101 et seq. against Defendants the New York State Workers' Compensation Board ("the WCB") and Winston Farnum ("Farnum"). The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367.

        Defendants have filed a motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) to dismiss the Second Amended Complaint. The Court has reviewed carefully the parties' submissions and, for the reasons that follow, Defendants' motion is granted in part and denied in part.

BACKGROUND

This following is a summary of the relevant allegations in Plaintiff's Second Amended Complaint.

Plaintiff was unlawfully terminated from his position as a Compensation Investigator at the WCB on account of his race, national origin, age and disability. Plaintiff is a South Asian man from Sri Lanka who was 69 years old and recovering from a knee injury at the time he was terminated.

Plaintiff was well qualified for the position of Compensation Investigator, having "served for 18 ½ years receiving 'outstanding' ratings in performance" as a Compensation Claims Investigator and Compensation Insurance Underwriter at the New York State Insurance Fund, where his duties were "much more comprehensive and complex than the duties of [a] Compensation Investigator" at the WCB. (2d Am. Compl. ¶¶ 16, 19.) However, the position of Compensation Investigator was first offered to two men "of African racial lineage" rather than to Plaintiff (id. ¶ 48(A)), because "White, Hispanic and African lineage are favored in hiring" at the WCB (id. ¶ 19). The men turned down the position because, at pay grade 14, they felt that the compensation was inadequate. (Id. ¶¶ 33, 48(A).) Plaintiff was eventually hired despite the WCB's alleged preference for White, Hispanic, and African employees, as "Defendants could not have rejected or pass[ed] over Plaintiff in initial hiring . . . under the one in three rule required to be followed."[1] (Id. ¶ 29.) Plaintiff was hired on a probationary basis.

---

[1] Presumably, Plaintiff is referring to New York Civil Service Law § 61(1), which constrains hiring and promotion decisions in the New York State civil service, and which reads in pertinent part, "Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on

In December 2007, the pay grade for the position of Compensation Investigator rose from 14 to 16. (Id. ¶ 33.) Plaintiff received a letter dated March 6, 2008, terminating his employment at WCB, while he was away from work recovering from a knee injury. (Id. ¶ 7.) At approximately the same time, the WCB hired the two men who had originally declined offers of employment as Compensation Investigators on account of the lower pay grade. (Id. ¶ 33.) Plaintiff alleges that he was terminated to create an open position for one of these men at the newly elevated pay grade. (Id. ¶ 33.) These men were less qualified than Plaintiff but were preferred for employment, in part, because they shared a common "racial lineage" with Plaintiff's supervisor, Farnum. (Id. ¶¶ 33, 48(A).)

Plaintiff received a letter dated March 14, 2008, from the WCB Director of Personnel with an enclosed performance evaluation which, according to the letter, should have been given to Plaintiff with his termination notice. (Id. ¶ 8(a).) Plaintiff alleges that the performance evaluation was "false" and "used as a means to terminate employment." (Id. ¶ 7.)

Plaintiff was reinstated on March 20, 2008, after he threatened to "give the story to the newspapers for the benefit of other workers in the private sector who may be dismissed by their employers after an injury when a Compensation Investigator of the New York State Worker's Compensation Board himself was dismissed while on leave of absence due to an injury." (Id. ¶ 6.)

Plaintiff's employment was terminated a second time on July 2, 2008, after Plaintiff received another allegedly false performance evaluation. (Id. ¶ 8(d).) Plaintiff claims that he was reinstated "in bad faith, and for discriminatory purposes, . . . to prepare new grounds for the second dismissal." (Id. ¶ 66(A).) Between the time of his reinstatement and his second

termination, defendant Farnum called Plaintiff "garbage" and "senile" and "engaged in daily harassment, hostility and discriminatory verbal attacks."

(Id. ¶¶ 94, 115, 123(A).) According to Plaintiff, Farnum once stated:

> You claim to be a diplomat . . . . You are not diplomat. You are garbage. Do you know who is a diplomat? Condoleezza Rice is a diplomat, she is a smart diplomat. She is a smart black. You are black[;] you are not white.

(Id. ¶ 117(A).) Farnum is also alleged to have "verbal[ly] attack[ed]" Plaintiff by stating:

> Yes, you come from a third world country. What else it is. [sic] You have to be grateful that you have a living in the United States better than in your country.

(Id. ¶ 125.)

Plaintiff has attached multiple evidentiary proffers to the Second Amended Complaint, including an Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire as well as a document labeled "United States Equal Employment Opportunity Commission Complaint of Discrimination Against an Employer," both stamped "Received Apr 27 2009 EEOC-NYDO-CRTIU." Defendants have also submitted evidentiary proffers including an unfiled judgment in the case of Goonewardena v. NYS Worker's Comp. Bd. from an Article 78 proceeding in the Supreme Court of the State of New York, New York County, dated October 1, 2009,[2] and an EEOC Notice of Charge of Discrimination form, stamped "Received Jun 05 2009." (Decl. of Michael J. Siudzinski, Exhs. A, B.)

## DISCUSSION

The inquiry on a motion to dismiss for lack of subject matter jurisdiction under

---

[2] Defendants have chosen to preserve for any further proceedings the argument that Plaintiff's claims are barred by the doctrine of res judicata in connection with the Article 78 proceeding. (Defs.' Mem. of Law in Support of Mot. to Dismiss the Compl. 5 n.2.)

Rule 12(b)(1) concerns whether the district court has the statutory or constitutional power to adjudicate the case. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

ADA and ADEA Claims

The Eleventh Amendment bars suits against States and State agencies unless the State expressly waives its immunity or Congress validly abrogates that immunity. See generally Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72-73 (1996). The WCB is an agency and an arm of the State of New York entitled to the protections of the Eleventh Amendment. See Petway v. N.Y. City Housing Authority, 10-cv-1419, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010). The Supreme Court of the United States has unequivocally held that Congress did not validly

abrogate Eleventh Amendment immunity in either the ADEA or Title I of the ADA, which is the title concerning employment discrimination. See Bd. of Trustees v. Garrett, 531 U.S. 356, 374 (2001) (addressing Title I of the ADA); Kimel v. Florida Board of Regents, 528 U.S. 62, 92 (2000) (addressing the ADEA). Thus, Plaintiff's ADA and ADEA claims against the WCB will be dismissed for lack of jurisdiction.

The ADA and ADEA claims will also be dismissed as against Farnum because, in the absence of abrogation of Eleventh Amendment immunity, he is immune from suit for damages in his official capacity, see Edelman v. Jordan, 415 U.S. 651, 663 (1974), and because the ADA and ADEA do not themselves provide for individual, supervisor liability, Darcy v. Lippman, 356 Fed. App'x 434, 437 (2d Cir. 2009) (summary order) ("[T]he ADA and ADEA . . . do not provide for actions against individual supervisors.").

Title VII Claim

Plaintiff's Title VII claim will be dismissed as against Furman because Title VII, like the ADA and ADEA, does not provide for actions against individual supervisors. 356 Fed. App'x at 437.

Defendants also argue that Plaintiff's Title VII claim must be dismissed because it is untimely. Claims brought under Title VII must be filed with the EEOC within 300 days of the alleged unlawful act. 42 U.S.C. § 2000e-5(e)(1). As evidence of untimeliness, Defendants proffer a "Notice of Charge of Discrimination" form that was filed by Plaintiff with the EEOC and which bears a stamp of "Received Jun 05 2009." (Decl. of Michael J. Siudzinski, Exh. B.) A claim filed on that date would be untimely, as Plaintiff was terminated more than 300 days earlier. However, in response to Defendants' proffer, Plaintiff has submitted an EEOC Intake

Questionnaire as well as a document labeled "United States Equal Employment Opportunity Commission Complaint of Discrimination Against an Employer," both stamped "Received Apr 27 2009 EEOC-NYDO-CRTIU," which is a date within the 300-day window. (Pl.'s Aff. in Opp. to Mot. to Dismiss; attached exhibit available approximately 54 pages into the 100+ page submission.) A motion to dismiss serves to test the sufficiency of a complaint and not to weigh competing evidentiary proffers and, thus, the Court will not dismiss Plaintiff's Title VII claim on timeliness grounds.

Defendants assert further that the Title VII claim should be dismissed for failure to allege facts sufficient to state a claim upon which relief can be granted. To establish a prima facie case of Title VII employment discrimination, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position held; (3) he suffered an adverse employment action; and (4) the circumstances surrounding the action gave rise to an inference of discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). At the pleading stage, however, a plaintiff need not go so far as to establish a prima facie case. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-12 (2002). Rather, "the ordinary rules for assessing the sufficiency of a complaint apply," id. at 511, and thus, to state a claim, a complaint need only contain a "short and plain statement [of] the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff alleging employment discrimination must plead sufficient facts to give a defendant reasonable notice of the claims against it and must "amplify [his] claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Boykin v. KeyCorp, 521 F.3d 202, 212-13 (2d Cir. 2008) (quoting Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)) (emphasis omitted). Here, Plaintiff has alleged that he was

a member of multiple protected classes (defined variously by his race, national origin, color, age and disability), was qualified for the position of Compensation Investigator and was unjustifiably terminated from his employment. He has also alleged that his termination took place under circumstances giving rise to an inference of unlawful discrimination – specifically, that Farnum made hostile racial remarks to Plaintiff, and that Plaintiff was terminated so that Farnum could hire someone who shared his "racial lineage" but had less relevant work experience than Plaintiff had. This is sufficient, at the pleading stage, to support an inference of discrimination. See Norville v. Staten Island University Hosp., 196 F.3d 89, 95 (2d Cir. 1999) ("A plaintiff may support an inference of race discrimination by demonstrating that similarly situated employees of a different race [from plaintiff] were treated more favorably."). Accordingly, the motion to dismiss Plaintiff's Title VII claim as against the WCB will be denied.

NYSHRL and NYCHRL Claims

Plaintiff's claims made pursuant to the NYSHRL and NYCHRL will be dismissed as against the WCB and against Farnum in his official capacity because they enjoy immunity, pursuant to the Eleventh Amendment. See Tuckett v. N.Y. State Dep't of Taxation & Fin., 99 Civ. 679, 2000 WL 1028662, at *2 (S.D.N.Y. Jul. 24, 2000) ("[N]othing in the text of the [NYS]HRL constitutes a waiver of immunity or consent to be sued."); Leiman v. State of New York, 98 Civ. 5538, 2000 WL 1364365, at *7 (S.D.N.Y. Sept. 20, 2000) (dismissing NYCHRL claims against state defendants on Eleventh Amendment grounds); see also Dube v. State Univ. of New York, 900 F.2d 587, 595 (2d Cir. 1990) (holding that the Eleventh Amendment grants immunity to state officials acting in their official capacity for injunctive and other types of relief). However, "[t]he Eleventh Amendment provides no immunity for state officials sued in their

personal capacities." Dube, 900 F.2d at 595. Accordingly, Defendants' motion to dismiss Plaintiff's NYSHRL and NYCHRL claims will be denied as to Farnum in his personal capacity and granted in all other respects.

Section 1983 Claims

In his Opposition Memorandum, Plaintiff asserts that Defendants' discriminatory employment actions violated his constitutional right to equal protection and due process. The Court construes these assertions to be claims made pursuant to 42 U.S.C. § 1983. Defendants argue that, because Plaintiff failed to specifically plead these theories of relief pursuant to § 1983 in the Second Amended Complaint, Plaintiff must not now be permitted to argue for such relief. Defendants are mistaken. A complaint must give "full notice of the circumstances giving rise to the plaintiff's claim for relief" but "need not also correctly plead the legal theory or theories and statutory basis supporting the claim." Simonton v. Runyon, 232 F.3d 33, 36-37 (2d Cir. 2000). Thus, Plaintiff's § 1983 claims will not be dismissed on account of his failure to identify them in the Second Amended Complaint.

However, Plaintiff's § 1983 claims will be dismissed as against the WCB and Farnum in his official capacity with regard to damages, as the statute does not abrogate Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 341 (1979).

Further, Plaintiff's § 1983 due process claim will be dismissed to the extent it is asserted against Farnum in his individual capacity for failure to allege facts demonstrating a deprivation of due process. Where, as here, it is alleged that "a state employee intentionally deprive[d] an individual of property or liberty," the Due Process Clause of the Fourteenth Amendment is not violated "so long as the State provides a meaningful postdeprivation remedy."

Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996). "[A]n Article 78 proceeding is a perfectly adequate postdeprivation remedy." Id. at 881.

With regard to Plaintiff's § 1983 equal protection claim, Defendants have construed Plaintiff's argument to be that he falls into a "class of one" because, at the WCB, Plaintiff was the "only employee of Sri Lanka[n] ethnicity approximately twenty or thirty years older than his colleagues." (Defs.' Reply Mem. 7.) Defendants argue that Plaintiff's claim must be dismissed because, in the context of public employment, the Supreme Court eliminated class-of-one equal protection claims in Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 607 (2008). In Engquist, the Court addressed claims asserted by a plaintiff who "alleged that defendants discriminated against her on the basis of her race, sex, and national origin" and also alleged "that she was fired not because she was a member of an identified class (unlike her race, sex, and national origin claims), but simply for 'arbitrary, vindictive, and malicious reasons.'" Id. at 595. The Engquist plaintiff's latter allegation constituted her class-of-one claim. Id. In the instant case, Plaintiff has clearly pleaded race and national origin class membership sufficient to support an equal protection claim and, further, the Court does not read the Second Amended Complaint as bringing a class-of-one claim. Accordingly, Defendants' arguments as to the class-of-one theory are unavailing and the claim survives as against defendant Farnum in his individual capacity.

## CONCLUSION

For the foregoing reasons, Plaintiff's ADA and ADEA claims are hereby dismissed in their entirety. Defendants' motion to dismiss the Title VII claim is denied as against the WCB and granted as against Farnum. The motion to dismiss the NYSHRL and NYCHRL

claims is denied as against Farnum in his personal capacity and granted in all other respects. The motion to dismiss Plaintiff's § 1983 due process claim is granted in its entirety. The motion to dismiss Plaintiff's § 1983 equal protection claim is granted as against WCB and as against Farnum for damages in his official capacity, and is denied in all other respects. This Memorandum Order resolves docket entry number 24.

This case remains referred to Magistrate Judge Pitman for general pretrial management. The parties are directed to meet promptly with Judge Pitman to discuss settlement.

SO ORDERED.

Dated: New York, New York
September 29, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge