USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/27/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD W. GOONEWARDENA,

        Plaintiff,

-against-

STATE OF NEW YORK WORKERS
COMPENSATION BOARD and
WINSTON FARNUM, *Supervisor*,

        Defendants.

No. 09-CV-8244 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Pursuant to Federal Rule of Civil Procedure Rule 72(a), Plaintiff in this employment discrimination action moves to set aside Magistrate Judge Pitman's order of December 10, 2014 denying his request to compel the deposition of Defendant Farnum. *See* Dkt. 96. For the reasons that follow, Plaintiff's motion is denied.

    Rule 72(a) provides that in considering objections to a magistrate judge's order on a non-dispositive matter, the Court shall "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948).

    As a consequence of this "highly deferential standard of review, magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y.

2002). Indeed, "that reasonable minds may differ on the wisdom of [a particular ruling] is not sufficient to overturn a magistrate judge's decision." *Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d 260, 263 (S.D.N.Y. 2013) (alteration and citation omitted). After considering the challenged order, the parties' submissions,[1] and the record in this case in light of the governing standard of review, the Court is satisfied that there was no abuse of discretion or clear error in Judge Pitman's decision declining to compel Defendant Farnum's deposition.

The issue of Plaintiff's depositions—and Defendant Farnum's deposition in particular—has been a prominent feature in the protracted history of this litigation. For present purposes, however, only some of that extensive background is necessary. Defendant Farnum's deposition appears to have first been mentioned at a conference held on February 23, 2012 to set a discovery schedule. At the conference, Judge Pitman carefully explained the discovery process to Plaintiff, who is proceeding *pro se*,[2] and answered multiple questions posed by Plaintiff. *See* 02/23/2012 Tr. 5–22. In the course of that colloquy, the question of depositions arose and Plaintiff was informed that he may wish to depose Defendant Farnum and he acknowledged as much:

> THE COURT: Maybe the first thing to do is to depose Mr. Farnum then and find out what he remembers, okay?
>
> MR. GOONEWARDENA: Okay, first depose him, yeah.

02/23/2012 Tr. 21. Judge Pitman also explained Plaintiff's obligation to serve a notice on Defendants' counsel if he sought to depose Defendant Farnum or others:

---

[1] In particular, the Court has reviewed Plaintiff's letters of December 23, 2014; December 29, 2014; January 5, 2015; January 21, 2015; March 26, 2015 (two); April 30, 2015; and May 26, 2015. *See* Dkt. 98, 100, 101, 103, 104, 105, 107, & ___. The Court has also reviewed Defendants' letters of January 7, 2015 and May 19, 2015. *See* Dkt. 102 & 110.

[2] The Court notes that Plaintiff is no stranger to litigation in this District. *See Goonewardena v. Schwarz*, No. 94-CV-3980 (RWS); *Goonewardena v. Phillips*, No. 94-CV-6804 (KM); *Goonewardena v. NYSIF*, No. 01-CV-9706 (HB); *Goonewardena v. The State Insurance*, No. 02-CV-7889 (VM); and *Goonewardena v. The State Insurance*, No. 03-CV-5215 (VM). Indeed, he has handled one of his cases through trial and on appeal. *See Goonewardena v. New York State Ins. Fund*, No. 01-CV-9706 (HB), 2003 WL 21305356 (S.D.N.Y. June 5, 2003) *aff'd* 120 F. App'x 410 (2d Cir. 2005).

> THE COURT: And if you want to take a deposition, what you should do is send a written, you can do it in the form of a letter or a written notice to [Defendants' counsel] Mr. Siudzinski telling him who you want to depose and when you would like to depose them.

02/23/2012 Tr. 11–12. Indeed, Judge Pitman took the time to take Plaintiff through an example of how he might schedule a deposition:

> THE COURT: …[L]et's just pick a date out of the air, and this is the way it works in litigation, let's say you wanted to depose a witness on May 15, you want to depose John Doe on May 15, Mr. Siudzinski would call John Doe, find out if John Doe is available on May 15, find out if Mr. Siudzinski's available on May 15. Maybe John Doe has an important meeting on May 15, maybe John Doe has a scheduled vacation on May 15—
>
> MR. GOONEWARDENA: I understand.
>
> THE COURT: What should happen in that situation is Mr. Siudzinski should call you back and say John Doe is not available on May 15, but he's available on May 17, or he's available on May 13, you know, and ordinarily the parties negotiate and come to a date that's mutually convenient. Okay, and the same goes for you, I mean if Mr. Siudzinski wants to take your deposition—
>
> MR. GOONEWARDENA: Right.

02/23/2012 Tr. 12. The parties agreed to a discovery deadline of December 31, 2012, 02/23/2012 Tr. 25—providing ten months for discovery—and that date was later memorialized by Judge Pitman in a written order, *see* Dkt. 43.

The day after the initial conference, on February 24, 2012, Defendants served Plaintiff with document demands, interrogatories, and his notice of deposition, according to Defendants' counsel. Dkt. 50 at 1. By October 4, 2012, Defendants contend that they had served Plaintiff with their discovery requests on four separate occasions. *Id.* at 2. And by November 21, 2012, by which time the parties do not dispute that Plaintiff had still not responded, Defendants were seeking permission to move for dismissal "for failure to comply with discovery." *Id.* For his part, Plaintiff

asserted, among other things, that discovery was taking longer than anticipated as a result of his related appeal in state court, a serious illness, and family obligations, and he further argued that it was Defendants who were refusing to comply with his discovery requests. *See* Dkt. 49, 51, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, & 64. In particular, Plaintiff claimed that Defendants were failing to identify the names of employees who allegedly complained about him.[3]

A status conference was held on October 7, 2013—some tenth months after the formal close of discovery—in order to resolve the various outstanding discovery disputes. At that conference, Plaintiff stated his desire to depose Defendant Farnum and the employees who allegedly complained about him. Defendants' counsel "strongly objected" because Plaintiff "never noticed me to depose anyone, although he's told me names." 10/07/2013 Tr. 23–24. Plaintiff initially acknowledged that "I didn't serve them, because [Defendants' counsel] said he would let me know when they would be available." 10/07/2013 Tr. 45. A few moments later, however, Plaintiff added that he "might" have sent notices to Defendants' counsel, but that we would have to check his records at home. 10/07/2013 Tr. 46. Judge Pitman then directed Plaintiff "to go through your records and if you sent the letter to the defendants at some point in the past telling them you wanted to depose somebody, I want to see a copy of that letter." 10/07/2013 Tr. 48–49. He also directed Plaintiff to respond to Defendants' discovery requests by November 4, 2013 and denied Plaintiff's application to have Defendants supplement their discovery responses, which had already been provided. *See* Dkt. 66. A follow-up conference was scheduled for November 7, 2013.

---

[3] Although unnecessary to the resolution of this motion, because Plaintiff has repeatedly and consistently raised the issue of his right to depose the alleged employee complainants, the Court will address it briefly. The question of deposing these employees was also raised at the February 23, 2012 initial conference. As Plaintiff explained, he wanted to depose the employees because, as he understood it, the purported basis of his dismissal was complaints made by them. 02/23/2012 Tr. 20. Defendants' counsel stated that he would be willing to accept a notice of deposition for "[a]ny current or former employee of the Workers Compensation Board." *Id.* No one was able to identify any such employee at that time. Defendants' counsel suggested that "[t]he only one who has knowledge of [the employees] is the named defendant, Winston Farnum, and he may or may not remember who those individuals were, it's been four years." *Id.* It was in that context that Judge Pitman suggested to Plaintiff that "[m]aybe the first thing to do is to depose Mr. Farnum then and find out what he remembers, okay?" 02/23/2012 Tr. 21.

4

At the November conference, Plaintiff failed to produce any evidence that he had noticed the depositions of Defendant Farnum or anyone else. And after being asked by Judge Pitman no less than five times whether he had done so, Plaintiff all but admitted that he had not. *See, e.g.*, 11/07/2013 Tr. 42 ("I don't recall, but it may be ..."), Tr. 43 ("[Defendants' counsel] said that he will produce [Defendant Farnum] voluntarily"), Tr. 44 ("[Defendants' counsel] was also supposed to identify the dates they would be available"), Tr. 45 ("I am a *pro se* [litigant] ... they are given wide latitude"), Tr. 50–51 ("if [I] am asked to send him [a notice of] deposition ... then I'll do so"). After hearing from both parties, Judge Pitman ultimately concluded that Plaintiff "never sought the depositions prior to [close of discovery]." Tr. 46; *see also* Tr. 60. With the documentary discovery finally complete, the conference concluded with the parties and Judge Pitman setting a date for Plaintiff's deposition. It ultimately took place on December 5, 2013.

On August 22, 2014—almost two years after the formal close of discovery in December 2012 and more than nine months after the post-discovery conference held in November 2013, while Defendants were preparing a motion for summary judgment—Plaintiff moved for an order permitting him to take the deposition of Defendant Farnum. *See* Dkt. 86. After submissions from both parties, Judge Pitman ruled that "Plaintiff never noticed any depositions prior to the close of discovery nor has he offered any valid explanation for his failure to do so." Dkt. 96 at 1. Noting Plaintiff's earlier assertion that he is "ready to go to trial with or without depositions of Defendants['] employees and Mr. Farnum," Judge Pitman further concluded that "it appears plaintiff does not need the deposition." *Id.* (*citing* Plf.'s Letter Part 2 dated January 18, 2015 Supplementing Letter dated January 8, 2014 at 6, Dkt. 75).

This objection followed. In his moving papers, Plaintiff contends that Judge Pitman's decision was based on a "misunderstanding and misinterpretation of Plaintiff's motion" and that Defendants' counsel is suffering from "lack of memory or mass amnesia." Dkt. 98 at 1–2. Indeed,

Plaintiff now asserts that he had, in fact, served a notice of deposition "in or about June - July 2012, and again in August 2012." *Id.* He further asserts that because Judge Pitman permitted Defendants to depose Plaintiff, "[t]hat justified and opened the door for the Plaintiff to take the deposition of Defendant Mr. Winston Farnum." *Id.* at 3.

In response to an Order from this Court directing Plaintiff to produce "any available proof that he noticed such depositions prior to the close of discovery on December 31, 2012," *see* Dkt. 106, Plaintiff has now produced a document that purports to be a copy of a notice of deposition for Defendant Farnum dated July 11, 2012 addressed to Defendants' counsel, *see* Dkt. 107, Ex. A. Although Plaintiff asserts that he "hand delivered" or sent the notice by "certified mail," he adduces no proof of actually having done so. Instead, he claims that his papers were damaged by a storm in November 2012—presumably Hurricane Sandy—and that the enclosed document is a copy recovered from a floppy disk.[4] In opposition, Defendants' counsel asserts that he "has never seen this document before, has no record of it in his files, and in fact has no written correspondence or documents from plaintiff for the months of May, June, and July 2012." Dkt. 110.

Having considered the parties' submissions and the entirety of the record, the Court is satisfied that Judge Pitman did not abuse his discretion or clearly err in declining to compel Defendant Farnum's deposition. Specifically, there is sufficient evidence in the record to support Judge Pitman's findings that Plaintiff never noticed Defendant Farnum's deposition prior to the close of

---

[4] Plaintiff also made this argument to Judge Pitman. *See* 11/07/2013 Tr. 37. Judge Pitman explicitly asked Plaintiff, "Why didn't you come to me in December or January and say you need more time for discovery because of Hurricane Sandy?" Plaintiff responded that he sent Judge Pitman letters to that effect "in November [2012] after the elections and probably again, a lot of letters." The Court has reviewed Plaintiff's letters of November 26, November 28, December 4, December 13, December 28 (two), and January 4, 2013 (two), which collectively exceed 200 pages and include newspaper clippings, print outs of cases from Lexis, and personal letters to Plaintiff from politicians. *See* Dkt. 49, 51, 52, 54, 55, 56, 57, & 58. Not one of these letters, however, mentions the destruction of any papers as a result of a storm and, more importantly, not one mentions a notice of deposition for Defendant Farnum or Defendants' counsel's failure to respond to any such notice.

discovery and that Plaintiff has failed—despite being afforded multiple opportunities—to provide any reasonable excuse for his failure to do so.

To the extent that Plaintiff attributes his failure to notice Defendant Farnum's deposition to his not knowing the identity of employees who complained about him initially, that argument is without merit. While such ignorance may excuse the failure to notice those employees' depositions, it cannot excuse the failure to notice the deposition of an individual who has been a named defendant from the very beginning of this action. Indeed, Plaintiff was advised in February 2012—by Judge Pitman no less—that "the first thing to do is to depose Mr. Farnum." 02/23/2012 Tr. 21. Plaintiff does not claim that he was unaware of the obligation to provide notice for such a deposition or of the discovery deadline, nor would any such argument be viable on this record.

Finally, although Plaintiff is correct that Defendants were permitted to take his deposition after the close of discovery, he overlooks the fact that Defendants properly noticed his deposition well before the close of discovery and that he submitted to that deposition only after being directed to by Judge Pitman. *See* 10/07/2013 Tr. 4, 8; 11/07/2013 Tr. 41–42, 48, 52. In these circumstances, fairness does not compel that discovery be reopened to permit Defendant Farnum's deposition at this late juncture.

For these reasons, Plaintiff's motion is DENIED. This Opinion & Order resolves the motion pending at Dkt. 98.

SO ORDERED.

Dated:    May 27, 2015
           New York, New York

Ronnie Abrams
United States District Judge